Ryan P. Steen (Bar No. 0912084)
ryan.steen@stoel.com
Jason T. Morgan (Bar No. 1602010)
jason.morgan@stoel.com
Veronica M. Keithley (Bar No. 1411100)
veronica.keithley@stoel.com
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.624.0900
Facsimile: 206.386.7500

Attorneys for ConocoPhillips Alaska, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NORTHERN ALASKA ENVIRONMENTAL CENTER, ALASKA WILDERNESS LEAGUE, DEFENDERS OF WILDLIFE, THE SIERRA CLUB, and THE WILDERNESS SOCIETY,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT, RYAN ZINKE, in his official capacity as Secretary of the Interior, and BRIAN STEED, in his official capacity as the official exercising the authority of the Director of the Bureau of Land Management,<br><br>Defendants. | Case No.: 3:18-cv-00030-SLG<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE BY CONOCOPHILLIPS ALASKA, INC.** |

## I. INTRODUCTION

ConocoPhillips Alaska, Inc. (ConocoPhillips) is Alaska's largest oil producer and a major owner of private, state, and federal leases in Alaska, including leases challenged in this litigation.

ConocoPhillips seeks to intervene in this action because the claims asserted by the plaintiffs directly threaten its interests.

ConocoPhillips has invested hundreds of millions of in the National Petroleum Reserve – Alaska (NPR-A). ConocoPhillips has purchased leases covering just over one million acres in the NPR-A—more than any other operator by a significant margin. ConocoPhillips also explores for, develops, and produces oil on many of its lease holdings within the NPR-A. ConocoPhillips was the high bidder on all of the leases sold in the 2017 NPR-A lease sale (2017 Lease Sale) held by the Bureau of Land Management (BLM).

The Northern Alaska Environmental Center et al. (Plaintiffs) filed this lawsuit challenging the adequacy of the environmental analysis underlying BLM's decision to conduct the 2017 Lease Sale. Specifically, Plaintiffs assert that BLM's decision to authorize the 2017 Lease Sale, together with the underlying environmental analysis, violates the Administrative Procedure Act and the National Environmental Policy Act (NEPA). Among other things, Plaintiffs seek a court order to "[v]acate and set aside as unlawful the 2017 lease sale, the underlying Determination of NEPA Adequacy, and any leases issued pursuant to such sale."[1]

ConocoPhillips respectfully seeks to intervene in this action to defend the environmental review conducted for the 2017 Lease Sale and to protect the substantial investment it has made in acquiring leases under that sale.[2]

## II. BACKGROUND

### A. Leasing in the NPR-A.

The NPR-A is a federally designated area on Alaska's North Slope, encompassing nearly 23 million acres. BLM manages the NPR-A under the Naval Petroleum Reserves Production Act, as amended, and its implementing regulations, which require oil and gas leasing in the NPR-A and the protection of surface values to the extent consistent with exploration and development

---

[1] Complaint (Dkt. 1), Request for Relief.

[2] Federal Defendants do not oppose ConocoPhillips' motion to intervene. As of March 28, 2018, Plaintiffs "take no position on the motion at this time."

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main 206.624.0900 Fax 206.386.7500

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
*Main 206.624.0900    Fax 206.386.7500*

of oil and gas.[3] Specifically, BLM is required to "conduct an expeditious program of competitive leasing of oil and gas in the [NPR-A]." *Id.* § 6506a(a). To date, BLM has leased a total of approximately 1.5 million acres in the NPR-A.

Before 2012, the NPR-A was managed by BLM under two separate "Integrated Activity Plans" (IAPs) addressing the Northwest and Northeast portions of the NPR-A.[4] In July 2010, the BLM began a planning process to develop a new IAP addressing the entire NPR-A. This process, which included multiple opportunities for public input, culminated in November 2012 with BLM's issuance of the new IAP, as documented in a comprehensive 1,000+ page environmental impact statement prepared under NEPA and an associated record of decision (IAP/EIS).[5] In preparing the IAP/EIS, BLM formally cooperated with the North Slope Borough, the State of Alaska, the U.S. Fish and Wildlife Service, and the U.S. Bureau of Ocean Energy Management.[6] BLM undertook this new, comprehensive approach to provide "consistent management" of the NPR-A and "greater certainty and opportunity to industry while better protecting the environment, public use of the land, and public health."[7] ConocoPhillips actively participated in the administrative process leading up to the IAP/EIS and submitted detailed written comments on the draft IAP/EIS.[8]

The IAP/EIS plans for the authorization of "multiple lease sales."[9] It assumes that all lands identified in the IAP/EIS for leasing will be offered in lease sales conducted after the

---

[3] *See* 42 U.S.C. § 6501, *et seq*.

[4] These plans are documented in the Northwest IAP Record of Decision (Jan. 22, 2004) and the Northeast NRP-A Supplemental IAP Record of Decision (July 16, 2008).

[5] *See* U.S. Dept. of Interior, Bureau of Land Mgmt., National Petroleum Reserve-Alaska, Final Integrated Activity Plan/Environmental Impact Statement (Nov. 2012). The IAP/EIS and associated documents are available at https://eplanning.blm.gov/epl-front-office/eplanning/planAndProjectSite.do?methodName=dispatchToPatternPage&currentPageId=14702.

[6] IAP/EIS at 1.

[7] *Id.* at i.

[8] Declaration of John F. Schell, Jr. (Schell Decl.) ¶ 5.

[9] IAP/EIS at 9.

release of the IAP/EIS.[10] For each lease sale following the first lease sale held under the IAP/EIS, BLM is required to determine whether the IAP/EIS is adequate and, if the document is adequate, to issue a determination of NEPA adequacy (DNA) in conjunction with the lease sale. *Id*. Any actions beyond the leasing stage, such as exploration or construction approvals, require additional "NEPA analysis based on specific and detailed information about where and what kind of activity is proposed." *Id*. As contemplated by the IAP/EIS, BLM held lease sales in 2013, 2014, 2015, 2016, and 2017, and issued DNAs for each of those lease sales.[11] Plaintiffs seek to vacate the 2017 Lease Sale, including all leases sold, based on the alleged inadequacy of the IAP/EIS.

### B. ConocoPhillips' interest in this litigation.[12]

ConocoPhillips is the largest owner of state and federal leases in Alaska, and the NPR-A is a key area of interest and investment. ConocoPhillips purchased leases in each of the five lease sales that have been conducted under the IAP/EIS from 2013 to 2017. Additionally, ConocoPhillips purchased NPR-A leases in sales held prior to 2013, and is actively developing many of those leases. In 2015, ConocoPhillips commenced production at the CD5 satellite in the Colville River Unit. CD5 is located in the northeast NPR-A and is the first oil production site located within the NPR-A. In 2017, ConocoPhillips began construction of the GMT1 satellite in the NPR-A, which is expected to commence production in late 2018. ConocoPhillips is presently permitting for the GMT2 satellite, and plans to begin construction in 2019. The Willow prospect was announced as a discovery in 2017, and is currently being appraised for development potential. Each of those projects involves hundreds of millions of dollars investment, and each of the satellite developments directly employs hundreds of people in new construction jobs.

---

[10] *Id*.

[11] *See* U.S. Dep't of the Interior, Bureau of Land Mgmt., Alaska Oil and Gas Lease Sales, https://www.blm.gov/programs/energy-and-minerals/oil-and-gas/leasing/regional-lease-sales/alaska (last visited Mar. 26, 2018).

[12] Unless otherwise noted, all facts stated in this subsection are supported by the Schell Declaration.

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE
3:18-cv-00030-SLG
Page 4 of 12
96084476.2 0028116-00135

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
*Main 206.624.0900    Fax 206.386.7500*

Case 3:18-cv-00030-SLG   Document 11   Filed 03/29/18   Page 4 of 12

This litigation impacts a broad range of ConocoPhillips' interests in Alaska. In furtherance of its ongoing interest in the NPR-A, ConocoPhillips purchased seven leases in the 2017 Lease Sale for a total amount of over $1 million. ConocoPhillips holds the only leases that were sold in the 2017 Lease Sale.[13] ConocoPhillips has certain rights in the oil and gas leases it acquired as high bidder in the 2017 Lease Sale. Plaintiffs' lawsuit seeks to impair or eliminate those interests by either undermining the supporting environmental analyses or vacating the leases.

Not only does this lawsuit implicate the lease rights, but it could further undermine significant investments incurred by ConocoPhillips in securing its leases. In anticipation of lease sales, including the 2017 Lease Sale, ConocoPhillips spent hundreds of millions of dollars in staff time and contractor fees to acquire and analyze seismic data. The purpose of this substantial investment in data collection and analysis was to provide ConocoPhillips with a competitive advantage in identifying and bidding on prospective lease areas. ConocoPhillips effectively disclosed this information by bidding on particular lease parcels, revealing which parcels ConocoPhillips deemed to be most valuable. Plaintiffs' requested relief in this case—vacating the leases—would diminish the value of that investment. In any subsequent re-sale of the leased areas, all of ConocoPhillips' competitors would know precisely which parcels ConocoPhillips believes are the most prospective and how much it was willing to pay for particular leased areas.

More broadly, ConocoPhillips has an important and ongoing interest in the future of oil and gas production in Alaska. ConocoPhillips has a long history of oil and gas activities in the state and a demonstrated commitment to maintaining a continuous and active presence in the state into the foreseeable future. The NPR-A presents significant potential for the development of oil and gas resources, and is fundamental to ConocoPhillips' investment in Alaska. Resolution of the issues presented in Plaintiffs' complaint has broad implications for all of ConocoPhillips'

---

[13] ConocoPhillips and Anadarko E&P Onshore, LLC (Anadarko) jointly purchased all seven in the 2017 Lease Sale. ConocoPhillips has since acquired all of Anadarko's interest in those leases, although government approval of the lease assignments remains pending.

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE
3:18-cv-00030-SLG
Page 5 of 12
96084476.2 0028116-00135
Case 3:18-cv-00030-SLG   Document 11   Filed 03/29/18   Page 5 of 12

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
*Main 206.624.0900   Fax 206.386.7500*

exploration, development, and production activities in the NPR-A, including the process by which NPR-A lands are leased and made available for exploration and potential development.

In sum, ConocoPhillips has short- and long-term interests in the outcome of this litigation. In the short term, Plaintiffs' lawsuit, if successful, would undermine ConocoPhillips' interests in seven leases in the amount of over $1 million, plus the substantial investment incurred in preparing to bid for those leases. In the long term, Plaintiffs' lawsuit raises issues that could significantly impact ConocoPhillips' ability to continue to explore for, develop, and produce oil in the NPR-A.

## III. ARGUMENT

### A. ConocoPhillips is entitled to intervene as of right.

The Ninth Circuit has adopted a four-part test to determine whether a party should be permitted to intervene as of right: (1) the motion must be timely; (2) the movant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the movant must be so situated that the disposition of the action may, as a practical matter, impair or impede the movant's ability to protect that interest; and (4) the movant's interest must not be adequately represented by the existing parties to the action.[14] Consistent with all other federal courts of appeal, the Ninth Circuit applies this test broadly in favor of intervention.

> A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts. By allowing parties with a *practical* interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court.[15]

As discussed below, ConocoPhillips meets each of the requirements for intervention as of right.

---

[14] *Smith v. Marsh*, 194 F.3d 1045, 1049 (9th Cir. 1999).

[15] *United States v. City of L.A.*, 288 F.3d 391, 397-98 (9th Cir. 2002) (citations omitted; emphasis in original); *Scotts Valley Band of Pomo Indians v. United States*, 921 F.2d 924, 926 (9th Cir. 1990).

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main 206.624.0900   Fax 206.386.7500

### 1. ConocoPhillips' motion is timely.

When evaluating timeliness, the Ninth Circuit considers (1) the stage of the proceedings, (2) any prejudice to the existing parties, and (3) the reasons for and length of any delay.[16] This litigation was recently filed and is in its preliminary stages. The Federal Defendants have not filed an answer, nor has the administrative record been lodged. ConocoPhillips has acted swiftly and without delay to seek intervention, and no party will be prejudiced by ConocoPhillips' intervention. ConocoPhillips has submitted a proposed answer to the complaint along with this motion to avoid any possible delay. Intervention is routinely considered timely at this litigation stage, and no prejudice, delay, or inefficiency will result from ConocoPhillips' intervention.[17]

### 2. ConocoPhillips has a significant protectable interest in the resolution of this action.

A significant protectable interest exists when an applicant "asserts an interest that is protected under some law" and "there is a relationship between [the applicant's] legally protected interest and the plaintiff's claims."[18] The interest requirement of Rule 24(a) is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process."[19] Accordingly, "[n]o specific legal or equitable interest need be established" for the Rule 24 test to be satisfied.[20]

---

[16] *Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1319 (9th Cir. 1997).

[17] *See, e.g., Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993) (motion deemed timely when filed before EPA's answer), *overruled in part on other grounds by Wilderness Soc'y v. United States Forest Serv.*, 630 F.3d 1173, 1176 (9th Cir. 2011); *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (motion deemed timely when filed less than three months after complaint was filed and less than two weeks after Forest Service's answer).

[18] *City of L.A.*, 288 F.3d at 398 (internal quotation marks and citation omitted); *id.* (relationship requirement is met where "resolution of plaintiff's claims actually will affect the applicant"); *see Sierra Club*, 995 F.2d at 1484 (intervenor's interest need not be protected by statute put at issue by complaint so long as it is protected by law and relates to claim).

[19] *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967); *see Wilderness Soc'y*, 630 F.3d at 1179.

[20] *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (internal quotation marks and citation omitted).

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
*Main 206.624.0900   Fax 206.386.7500*

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
*Main 206.624.0900   Fax 206.386.7500*

ConocoPhillips has significant and well-demonstrated regulatory, property, and economic interests that are directly at stake in the present litigation. As described above, ConocoPhillips has a substantial investment in the oil and gas leases issued under the 2017 Lease Sale. ConocoPhillips also expended substantial resources in activities leading up to the lease sale, including collecting seismic data and actively participating in the process that culminated in the IAP/EIS.[21] Plaintiffs' lawsuit directly challenges BLM's decision to proceed with the lease sales.

The Ninth Circuit has explicitly recognized that property and contractual stakes in an action are protectable interests sufficient to warrant intervention when those interests have a close relationship to the claims at issue in the litigation.[22] Lessee interests in leases issued by BLM or other federal agencies have also been found to be significantly protectable and sufficient to warrant intervention.[23] Accordingly, ConocoPhillips satisfies the second prong of the intervention test.

### 3. Disposition in favor of Plaintiffs will harm ConocoPhillips' interests.

The test for impairment under Rule 24 focuses on practical effects. "If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene . . . ."[24] Intervention as of right is particularly appropriate when, as here, the relief sought is injunctive.[25]

---

[21] *See* Schell Decl. ¶¶ 5, 10.

[22] *See Sw. Ctr. for Biological Diversity*, 268 F.3d at 820 (finding a significant protectable interest in a contract); *Sierra Club*, 995 F.2d at 1482 (finding that the City of Phoenix's property rights in a wastewater treatment plant and permits provided a sufficient interest to support intervention in a Clean Water Act case); *Wilderness Soc'y*, 630 F.3d at 1179 (holding that there is "a sufficient interest for intervention purposes if [a prospective intervenor] will suffer a practical impairment of its interests as a result of the pending litigation" (internal quotation marks and citation omitted)).

[23] *See, e.g.*, *Defs. of Wildlife v. Bureau of Ocean Energy Mgmt.*, No. 10-0254-WS-C, 2010 WL 5139101, at *2 (S.D. Ala. Dec. 9, 2010).

[24] Fed. R. Civ. P. 24 advisory committee's note, *quoted in Citizens for Balanced Use*, 647 F.3d at 898.

[25] *See City of L.A.*, 288 F.3d at 399; *Sw. Ctr. for Biological Diversity*, 268 F.3d at 818 (where relief sought by plaintiffs will have direct, immediate, and harmful effects upon a third

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
*Main 206.624.0900   Fax 206.386.7500*

The purpose of Plaintiffs' claims in this litigation is to invalidate the federal actions (leasing) that allow ConocoPhillips to conduct exploration, development, and production activities in the NPR-A.[26] If Plaintiffs are successful in their claims, and the leases are invalidated, ConocoPhillips stands to lose the leases in which it has invested and the exclusive right under those leases to explore for and potentially develop the oil and gas resources on those lands.[27] Less draconian remedies or forms of injunctive relief could also impose substantial additional costs from delay or increased regulatory burdens or significantly devalue some of the leases.[28] In addition, an adverse ruling in this case could impact the availability of future lease sales in the NPR-A, significantly impacting ConocoPhillips' long-term objectives in this area.[29] ConocoPhillips satisfies the third prong of the intervention test.

### 4. The Federal Defendants do not adequately represent ConocoPhillips' interests.

ConocoPhillips' interests are sufficiently different from those of the Federal Defendants to warrant intervention. The burden of demonstrating inadequate representation is minimal. ConocoPhillips need only show that its interests are different from the existing parties such that their representation "may be" inadequate.[30] The Court must consider:

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and

---

party's legally protectable interests, the party satisfies the "interest" test); Complaint, Request for Relief.

[26] *See* Complaint ¶¶ 1-4, 52-64, Request for Relief.

[27] Schell Decl. ¶¶ 9-12.

[28] *Id.* ¶ 11.

[29] *See id.* ¶¶ 3-4.

[30] *Citizens for Balanced Use*, 647 F.3d at 898; *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972); *Sw. Ctr. for Biological Diversity*, 268 F.3d at 823; *Nuesse*, 385 F.2d at 703.

> (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.[31]

Here, the interests and perspectives of ConocoPhillips as a non-federal entity with a direct economic stake in this controversy are very different from the interests of BLM as a federal regulatory agency. When parties, such as ConocoPhillips, have private interests, as opposed to the government's "public" interests, this difference is sufficient to justify intervention.[32]

### B. Alternatively, ConocoPhillips is entitled to permissive intervention.

As with intervention as of right, permissive intervention is construed liberally in favor of the moving party.[33] Permissive intervention should be allowed under Rule 24(b) as long as the applicant for intervention establishes that "(1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims."[34] Under this standard, neither the inadequacy of representation nor a direct interest in the subject matter of the action need be shown.[35]

As addressed above, ConocoPhillips' interests are placed directly at stake by the claims alleged by Plaintiffs. As the private party that will be most directly and adversely affected by the relief sought by Plaintiffs—indeed, as the target of this lawsuit in all practical terms—ConocoPhillips' interests present issues of law and fact common to the main action. In addition, ConocoPhillips' motion to intervene is timely and will not prejudice the existing parties.

---

[31] *City of L.A.*, 288 F.3d at 398 (citing *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996)).

[32] *See Sw. Ctr. for Biological Diversity*, 268 F.3d at 823-24; *Sierra Club v. Espy*, 18 F.3d 1202, 1208 (5th Cir. 1994); *Cty. of Fresno v. Andrus*, 622 F.2d 436, 438-39 (9th 1980); *Nat'l Res. Def. Council, Inc. v. Costle*, 561 F.2d 904, 912 (D.C. Cir. 1977).

[33] *City of L.A.*, 288 F.3d at 397-98.

[34] *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).

[35] *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002), *overruled in part on other grounds by Wilderness Soc'y*, 630 F.3d at 1178.

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE
3:18-cv-00030-SLG
Page 10 of 12
96084476.2 0028116-00135

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
*Main 206.624.0900   Fax 206.386.7500*

Case 3:18-cv-00030-SLG   Document 11   Filed 03/29/18   Page 10 of 12

Accordingly, if this Court were to deny ConocoPhillips' motion to intervene as of right, permissive intervention should be granted.[36]

## IV. CONCLUSION

For the foregoing reasons, ConocoPhillips respectfully requests that the Court grant its motion for leave to intervene as of right under Fed. R. Civ. P. 24(a). In the alternative, ConocoPhillips respectfully requests that it be granted permissive intervention under Fed. R. Civ. P. 24(b).

DATED: March 29, 2018.

STOEL RIVES LLP

By: */s/ Ryan P. Steen*
RYAN P. STEEN
JASON T. MORGAN
VERONICA M. KEITHLEY
Attorneys for Applicant for Intervention
ConocoPhillips Alaska, Inc.

---

[36] *See Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011) (explaining that "the independent jurisdictional grounds requirement does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising new claims").

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main 206.624.0900   Fax 206.386.7500*

# CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2018, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court of Alaska by using the CM/ECF system. Participants in this Case No. 3:18-cv-00030-SLG; who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Ryan P. Steen*
Ryan P. Steen

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
*Main 206.624.0900    Fax 206.386.7500*